**Thomas FARESE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

Civ. A. No. 83–0938.

United States District Court, District of Columbia.

Dec. 22, 1987.

---

Thomas Farese, pro se.

Patricia Carter, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The case is now before the Court on the motion to dismiss filed by the United States Marshals Service (USMS). After giving careful consideration to the motion, the opposition thereto, and the record in this case, the Court concludes that the motion should be granted.

This Court had entered an opinion and order granting the motions filed by the various defendants and dismissing the case. The Court of Appeals affirmed in part and reversed in part. *See Farese v. United States Department of Justice*, 826 F.2d 129 (D.C.Cir.1987) (Memorandum and Order). The appellate court affirmed with respect to all agencies named as defendants except for USMS and the Federal Bu-

reau of Investigation. The present motion relates only to the USMS.

With respect to the plaintiff's request addressed to the USMS, the Court of Appeals noted that the plaintiff had limited his claim to eleven pages being withheld by USMS. The agency had contended that the documents are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6) ("personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy") and (7)(C) ("investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute am unwarranted invasion of personal privacy") (Exemptions 6 and 7C).

The appellate court noted that USMS "neither submitted a *Vaughn* index to the eleven pages nor offered any more specific justification for the withholding of the documents." Court of Appeals Memorandum at 11. The court noted further that "[t]he mere fact that Farese was not referred to in the documents is not a reasonable basis for refusing to release the documents; indeed, the record indicates that Farese had requested documents referring to a named third party." *Id.*

In the present motion, captioned "Motion to Dismiss", but perhaps better described as a motion for partial summary judgment, USMS has filed two affidavits by Florastine P. Graham, Freedom of Information/Privacy Officer of the USMS. Ms. Graham has identified the eleven pages, setting forth their dates. After reading the Graham Affidavit dated October 20, 1987, and the attachments thereto[1], the Court is satisfied that the documents were compiled for law enforcement purposes. Ten of the pages relate to witness protection funding of several third party individuals who cooperated with the government in the criminal law enforcement process and one page relates to another third party individual. The one page refers to the

---

1. See in particular an earlier Graham Affidavit dated September 21, 1984 in which she describes the documents and states that they were compiled for law enforcement purposes. The September 21, 1984 affidavit was filed in Case No. 84-6179-CIV-JAG, United States District Court for the Southern District of Florida.

name, identifying data and arrest history of a third party individual. There is no reference to the plaintiff in the document. Ms. Graham notes that the disclosure of the document would subject the person to unwarranted public attention, harassment and criticism for having been associated with an official criminal investigation.

The remaining ten pages contain similar information reflecting "the names of several Witness Security Program participants, their entry dates into the Program, the number of family members, and the specific funds authorized and disbursed for the different services provided for the physical security of these witnesses and their families." Ms. Graham states that only three of the pages refer to a protected witness previously referred by name by the plaintiff. She goes on to note that the disclosure of the pages would reveal the identities of several persons who cooperated with the government in criminal law enforcement activities.

Nothing in the record of this case suggests that the Graham Affidavits are submitted in bad faith. Moreover, the Court can discern no public interest in disclosure which would outweigh the privacy interest in nondisclosure of the documents.

The plaintiff contends that the affidavits fail to fall within the standard required in these cases. This Court disagrees. USMS has described the documents and given the date of each document. The agency has set forth the nature of the documents and stated why the documents should be exempt from disclosure.

After weighing the above factors, the Court concludes that the USMS motion should be granted. There is simply no basis on which the Court can disagree with the defendant's contention that release of the documents would pose a possible danger to the persons named therein, or that release of the information might subject those persons to harassment. The potential danger is highlighted by the fact that the persons named therein participated with the government in criminal law enforcement and participated in the Witness Security Program.

The motion filed by USMS is granted and an appropriate order has been entered.